UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELISA VELEZ,

     Plaintiff,

v.                                        Case No. 8:23-cv-706-AAS

MARTIN O'MALLEY,
Commissioner of the Social
Security Administration,[1]

     Defendant.
_____/

## ORDER

Plaintiff Melisa Velez's counsel moves for an award of **$14,307.43** in attorney's fees under 42 U.S.C. § 406(b). (Doc. 17). The Commissioner does not oppose Ms. Velez's counsel's request, and the time file a response in opposition to the motion has passed.[2] (*Id.* at p. 1).

Ms. Velez applied for disability insurance benefits and supplemental security income on March 20, 2020 which was denied initially and on reconsideration. (Tr. 10). Ms. Velez then requested a hearing before an Administrative Law Judge (ALJ), who found Ms. Velez not disabled. (Tr. 10–

---

[1] On December 20, 2023, Martin J O'Malley became the Commissioner of the Social Security Administration.

[2] When the Commissioner does not object to the amount of attorney's fees requested under 406(b), the court should award the requested fees. *See Terry v. Astrue*, 753 F. Supp. 2d 1229 (M.D. Fla. 2010) (awarding attorney's fees under Section 406(b) when the Commissioner failed to argue the requested fees were unreasonable).

1

19). The Appeals Council denied Ms. Velez's request for review of the ALJ's decision. (Tr. 1). Ms. Velez then filed a complaint in this court. (Doc. 1). The Commissioner then filed an unopposed motion to remand in this court, which the court granted. (Docs. 10, 13). The Commissioner found Ms. Velez disabled on remand. (Doc. 17-2, p. 1).

Under Section 406(b), when a court enters judgment favorable to a Social Security claimant represented by counsel, the court may award attorney's fees not to exceed twenty-five percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b)(1)(A). Based on the fee agreement that Ms. Velez agreed her counsel could request twenty-five percent of past-due benefits for attorney's fees, an award of attorney's fees of $14,307.43 is appropriate. (*See* Doc. 17-1).

The court awarded Ms. Velez's counsel a total of $7,335.48 in attorney's fees under the Equal Access to Justice Act (EAJA), which is the total of EAJA awards of $939.80 in this case (Doc. 16) and $6,395.68 in Case No. 8:21-cv-2003-DNF (Doc. 24). Ms. Velez's counsel received two separate fees under the EAJA because the Plaintiff had to file two civil action appeals in the United States District Court. When an attorney receives attorney's fees under the EAJA and Section 406(b), the attorney must refund the smaller fee. *Black v. Culbertson*, 470 F. App'x 737, 739 (11th Cir. 2012). Ms. Velez's counsel must refund any attorney's fees awarded under the EAJA.

Thus, it is **RECOMMENDED** that the Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. 17) be **GRANTED.** Ms. Velez's counsel is awarded **$14,307.43** in attorney's fees and must refund to Ms. Velez any attorney's fees received under the EAJA.

**ENTERED** in Tampa, Florida on March 21, 2024.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge